Hon. William S. Zielinski, Jr. County Attorney, Livingston County
This is in response to your letter wherein you request an opinion of the Attorney General whether Livingston County may, notwithstanding the provisions of the Livingston County Tax Act, purchase lands at the annual tax sale without competitive bidding as authorized under section 1008 of the Real Property Tax Law.
Livingston County Tax Act, § 6, chapter 313 of the Laws of 1936, as amended, requires that lands being sold for taxes should be sold at public auction.
Real Property Tax Law, § 1008 (3), provides:
 "3. Notwithstanding any other provision of law the board of supervisors of any county may by resolution authorize and direct the county treasurer to purchase
lands at the tax sale, without competitive bidding,
for the gross amount due thereon." (As amended by L 1973, ch 301, § 1, wherein the italicized words were added and the word "purchase" was substituted for the words "bid in" which latter words were deleted.)
Real Property Tax Law, § 2006, provides:
 "This chapter shall not be deemed to repeal or otherwise affect the provisions of any special or local law or ordinance or of any county, city or village charter, or other special form of government, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected." (Emphasis supplied.)
In Harris v. Jacobs, 69 Misc.2d 4 (Supreme Court, Suffolk County), affd40 A.D.2d 677 (2d Dept, 1972), which was decided prior to the 1973 amendment of section 1008 (3), it was held that a county tax act prevails over that section pursuant to provisions of section 2006.
Although section 2006 does specifically state that provisions of Real Property Tax Law shall not affect the provisions of any special law, the section also provides that the Legislature may amend, repeal or affect such law. By inserting the provision "notwithstanding any other provision of law" in section 1008 (3), the Legislature clearly manifested an intent to make the section applicable to all counties. Otherwise, the insertion contained in the 1973 amendment would be meaningless.
The power of the Legislature in this area was clearly enunciated in the case of People ex rel. Fleming v. Dalton, 158 N.Y. 175 (1899), where the Court said:
 "`A general satute will repeal special or local acts without expressly naming them, where they are inconsistent with it, and where it can be seen from the whole enactment that it was the intention of the legislature to sweep away all local peculiarities thus sanctioned by special acts, and to establish one uniform system.' (Black on Interpretation of Laws, section 153.)
* * *
 "`The question is always one of intention, and the purpose of abrogating a particular enactment by a later general statute is sufficiently manifested when the provisions cannot stand together.' * * *"
From all of the foregoing, we conclude that under provisions of Real Property Tax Law, § 1008 (3), as amended by Laws of 1973, chapter 301, § 1, the County of Livingston is authorized to purchase lands without competitive bidding at its annual tax sale, notwithstanding inconsistent provisions contained in the Livingston County Tax Act.